UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KHALIA WILLIAMS,  )<br> )<br>  Plaintiff  )<br> )<br> v.  )<br> )<br> MICHAEL ASTRUE, COMMISSIONER  )<br> OF SOCIAL SECURITY,  )<br> )<br>  Defendant.  ) | Case No. 1:07-CV-227<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Plaintiff Khalia Williams ("Plaintiff") brought this action through her Amended Complaint of October 16, 2007 (Court File No. 5), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff a period of disability, disability insurance benefits, and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. The Court referred the matter to United States Magistrate Judge Susan K. Lee, pursuant to 28 U.S.C. § 636(b) and in accordance with Rule 72(b) of the Federal Rules of Civil Procedure for a report and recommendation ("R&R") regarding Plaintiff's Motion for Judgment on the Pleadings (Court File No. 15) and Defendant's Motion for Summary Judgment (Court File No. 18). The magistrate judge filed an R&R (Court File No. 21) recommending the decision of the Commissioner be affirmed, Defendant's motion for summary judgment be granted, Plaintiff's motion for judgment on the pleadings be denied, and the case be dismissed. Plaintiff timely filed an objection to the R&R (Court File No. 22) and the Commissioner timely filed a reply (Court File No. 23). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R.

## I. STANDARD OF REVIEW

This Court must conduct a de novo review of those portions of the R&R to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). The Court's standard of review is essentially the same as the magistrate judge's—review is limited to determining if the ALJ's findings are supported by substantial evidence and if proper legal standards were used. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (per curiam). "Substantial evidence" means evidence a reasonable mind might accept to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is greater than a scintilla but less than a preponderance. *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 117 (6th Cir. 1994); *Brainard*, 889 F.2d at 681. If supported by substantial evidence, the Court must affirm the ALJ's findings, even if substantial evidence also supports the opposite conclusion. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003). The ALJ need not discuss every aspect of the record or explain every finding at length but must "articulate with specificity reasons for the findings and conclusions that he or she makes" to facilitate meaningful judicial review. *Bailey v. Comm'r of Soc. Sec.*, 1999 WL 96920, at *4 (6th Cir. Feb. 2, 1999).

## II. FACTUAL BACKGROUND

The magistrate judge's R&R made extensive findings regarding Plaintiff's medical condition, which included scoliosis, vision impairments, and frequent headaches; Plaintiff's vocational options given her medical condition; and Plaintiff's listing of impairments. Plaintiff did not object to those portions of the R&R. Therefore, the Court will **ACCEPT** and **ADOPT** those

2

portions of the R&R to which Plaintiff has not objected.

**III.   DISCUSSION**

Plaintiff appears to make three objections to the R&R: (1) the finding there was little evidence she suffers from borderline intellectual functioning; (2) the finding she does not meet the pain standard articulated in *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994); and (3) that the Administrative Law Judge ("ALJ") "failed to give good reasons" for rejecting the findings and treatment of her treating specialist. The Court will address each objection in turn.

**A.   Plaintiff's Intellectual Functioning**

Citing no legal authority, and using bare factual assertions, Plaintiff contends "substantial evidence supports the inescapable fact that she manifested a mental impairment prior to the age of 22" (Court File No. 22). Defendant counters by pointing out Plaintiff has only raised this objection without actually showing why the magistrate judge erred, and by arguing Plaintiff only provides her own testimony and school records in support of her assertion (Court File No. 23).

An alleged mental impairment must be established by medical evidence consisting of clinical signs, symptoms, or laboratory findings or psychological test findings. 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00(B); *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). The absence of psychiatric treatment or only sporadic psychiatric visits fails to suggest a mental impairment of disabling severity. *Moon*, 923 F.2d at 1182; *Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 264 (6th Cir. 1988) (per curiam). A mental impairment must produce work-related limitations that significantly affect the claimant's ability to perform a full range of work at a given exertional level before it precludes the use of the medical-vocational guidelines. *Buress v. Sec'y of Health &*

3

*Human Servs.*, 835 F.2d 139, 142–43 (6th Cir. 1987) (per curiam).

The case's first ALJ conducted an evidentiary hearing on June 21, 2005. There, a medical expert, Dr. Arthur Lorber, testified that "[t]his lady has absolutely no evidence of neurologic deficits" (R. at 463). Another examining physician, Dr. Bounds, completed an assessment of Plaintiff's residual functional capacity for a Tennessee agency on November 17, 2003, in which he concluded Plaintiff was neurologically intact (R. at 183). In spite of any mental deficits Plaintiff may have suffered (for example, difficulty concentrating), the second ALJ found she could still complete jobs "requiring only unskilled job tasks," and indeed, her work history showed she had performed precisely those types of jobs in the past (R. at 24). Against this evidence, Plaintiff offers her testimony she was in special education classes throughout school, and cannot read or do math (R. at 548). She also points to her school records which, she argues, show failing grades in various subjects in the fifth grade and that she participated in Chapter One special education classes. She does not, however, put forth evidence of any formal psychological evaluation or IQ test which has determined she suffers from a mental defect which prevents her from doing unskilled work. Nor does she include any medical reports to show she has been referred for mental health treatment of any kind.

Plaintiff offered essentially the same argument before the ALJ, who found "[e]xamining physicians of record have not reported marked clinical signs of a medically determinable mental disorder. The claimant has not alleged functional limitations or disability due to depression or any other mental impairment" (R. at 23). Plaintiff did not undergo psychiatric treatment or evaluation which established a mental disorder, as required by *Moon*, 923 F.2d at 1182. Moreover, the ALJ and magistrate judge found her poor performance in the fifth grade of little weight because she

4

received good grades the previous year (including an A in language arts and two Bs in reading); and because she had 92 absences from school during her fifth grade year (R. at 169). In light of the latter, the Court is unsurprised Plaintiff received a number of Fs that year, and finds it a more plausible alternative explanation for why Plaintiff performed poorly. Lastly, even if the Court could construe Plaintiff's evidence as establishing a mental disorder she suffered as a child (and it does not), the Court is unclear whether any such disorder would continue to affect Plaintiff as an adult, and if it did, how a childhood-onset disorder would be relevant to this case. Plaintiff provides no legal authority to assist the Court on this score.

The Court finds the record contains substantial evidence to support the ALJ's finding, upheld by the magistrate judge, that Plaintiff did not suffer a mental impairment which precluded her accepting a suitable position. Accordingly, the Court finds this objection lacks merit.

**B.    Plaintiff's Assertion of Pain**

Plaintiff objects to the R&R's finding she did not meet the pain standard of *Felisky*. Specifically, she argues her treating specialist, Dr. Han, found her complaints of pain were credible and expected to increase with physical activity (R. at 387). Defendant argues Dr. Han filled out a form devoid of medical findings, and that Plaintiff does not refer to any specific test result or clinical finding reported by Dr. Han.

Generally, a claimant's self-reported claims of disabling pain are not, standing alone, sufficient to establish disability. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a). The Sixth Circuit uses a two-prong test to evaluate a Social Security claimant's assertions of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can

5

reasonably be expected to produce the alleged disabling pain.

*Felisky*, 35 F.3d at 1038–39 (quoting *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986)).  However, a plaintiff need not establish objective evidence of the pain itself.  *Id.* at 1039.

Although the opinion of a treating physician receives greater weight than that of an examining physician, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), the opinion must be "supported by sufficient clinical findings and . . . consistent with the evidence," *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir. 1993).  Even though an ALJ is not bound by a treating physician's opinion, he must set forth in his decision the reason or basis for rejecting the opinion.  *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

Credibility determinations regarding a claimant's subjective complaints rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) (per curiam); *Bradford v. Sec'y of Health & Human Servs.*, 803 F.2d 871, 873 (6th Cir. 1986) (per curiam). Because the ALJ is charged with the responsibility of observing the demeanor and credibility of the witness, his conclusions should be highly regarded, as long as they are supported by substantial evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987) (per curiam).  An ALJ need not fully credit subjective complaints where there is no underlying medical basis.  *Fraley v. Sec'y of Health & Human Servs.*, 733 F.2d 437, 440 (6th Cir. 1984).

In this case, Plaintiff relies solely on Dr. Han's testimony to argue her complaints of pain were credible.  The ALJ held otherwise, however, because he found Dr. Han incredible on the issue given Dr. Han did not have "the benefit of the claimant's full medical record nor [had he] imposed

limitations on her ability to work despite [his] reports of 'severe' credible pain" (R. at 25). The ALJ was in the best position to make this credibility determination, and the Court will not disturb it. Moreover, the ALJ relied on substantial evidence in making his credibility determination of Plaintiff's subjective complaints, and provided specific reasons which were well grounded in the substantial evidence in the record (R. at 23–25).

The Court has examined the pain questionnaire which Dr. Han used while examining Plaintiff, and on which he concluded Plaintiff's complaints of pain were credible (R. at 387). While not quite "devoid" of medical findings as Defendant argues, it is far from a complete medical evaluation of Plaintiff's condition. It summarily concludes Plaintiff's complaints are "credible" and "consistent" and concludes her pain is expected to increase with physical activities, without further explanation. It may be that Dr. Han did not intend the form to be a complete evaluation, and only intended to concisely answer the questionnaire. Regardless, the form does not provide sufficient objective medical evidence of Plaintiff's underlying condition which would cause her such severe pain as to lack any residual functional capacity. As such, Plaintiff's reliance on this form alone makes for a weak case, and the ALJ (and by extension, the magistrate judge) were correct in finding substantial evidence to counter Plaintiff's claim.

The Court finds there was substantial evidence in the record for the ALJ to determine her subjective complaints of pain were not credible, and that there was insufficient objective medical evidence in the record to support the second prong of the *Felisky* test. Accordingly, the Court finds this objection also lacks merit.

### C. The ALJ's Reasons

Plaintiff's last objection is that the ALJ "failed to give good reasons" for rejecting the

7

findings and treatment of her treating specialist, Dr. Han. While Defendant does not specifically counter this objection, its response is essentially the same as in Part B, above, because this objection also goes to the ALJ's credibility assessment of Dr. Han's evaluation of Plaintiff's complaints of pain.

As the Court stated above, the ALJ is in the best position to make credibility determinations of the witness, and to evaluate the treating physician's evaluation in light of other testimony. The ALJ is only required to set forth in his decision the reason or basis for rejecting the opinion, as long as that decision is supported by substantial evidence. *Shelman*, 821 F.2d at 321 Here, the ALJ clearly stated he gave limited weight to Dr. Han's pain evaluation because Dr. Han did not have the benefit of having the full record before him. The ALJ *did* have the full record, and chose to give more weight to the numerous other health experts who found Plaintiff had the limited ability to work at unskilled, sedentary job tasks (R. at 23–25). Because this finding was supported by substantial evidence in the record, the Court cannot disturb it. Accordingly, the Court finds this objection is not well taken, as the ALJ sufficiently articulated the reasons why he rejected Dr. Han's findings.

## IV.   CONCLUSION

The Court has considered each of Plaintiff's objections after its complete review of the record, and has found them without merit. Accordingly, for the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R (Court File No. 21). The Court will **DENY** Plaintiff's Motion for Judgment on the Pleadings (Court File No. 15). The Court will **GRANT** Defendant's Motion for Summary Judgment (Court File No. 21). The Court will **AFFIRM** the Commissioner's decision and will **DISMISS** the case.

An Order will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**